**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | | |
|---|---|---|
| **EXCO OPERATING COMPANY, LP** | * | **CIVIL ACTION NO. 10-1838** |
| **VERSUS** | * | **JUDGE DONALD E. WALTER** |
| **EVELYN ARNOLD, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

**MEMORANDUM ORDER**

Before the court is a motion to compel discovery responses [doc. # 78] filed by defendant-claimant, Lloyd Turner. The motion is opposed. For reasons explained below, the motion to compel [doc. # 78] is **GRANTED**.[1]

**Background**

On December 14, 2010, EXCO Operating Company, LP ("EXCO") filed the instant complaint for statutory interpleader pursuant to 28 U.S.C. § 1335. (Compl.). EXCO deposited an initial sum of close to $2 million into the court registry, and named almost 200 defendants or potential claimants to the stake. *See* Compl. EXCO explained that since November 2006, it has been the operator of an 18 well Unit located in the Vernon Field, Jackson Parish, Louisiana. (Compl., ¶¶ 4-5). As operator of the wells, EXCO "has been paying each owner's respective interest in said wells . . ." *Id.*, at ¶ 6. However, EXCO received complaints from Lloyd Turner, an heir of Ned and Nannie Turner, regarding his payments. *Id.* at ¶¶ 6-7. Moreover, EXCO

[1] As this motion is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and LR 74.1(W).

learned from numerous affidavits of marriage, death, and heirship, that Ned and Nannie Turner may have had more children than indicated in an October 18, 1932, Judgment of Possession that resolved their successions. *Id*. at ¶¶ 7-8. Consequently, EXCO "is in doubt as to which individuals are in fact entitled to the proceeds from the numerous wells located in Vernon Field and what are said individuals' interests." *Id*. at ¶ 9. EXCO prays that each defendant be required to appear in this action and establish his or her right to the funds on deposit in the court, and that it be discharged from all liability associated with the fund. (Compl., Prayer).

On or about August 31, 2011, counsel for defendant, Lloyd Turner, served EXCO with defendant's Second Request for Production of Documents. (M/Compel, Exh. A). On October 3, 2011, EXCO responded to the discovery, but objected to several of the requests. (M/Compel, Exh. B). Accordingly, on October 12, 2011, defense counsel convened a telephone conference with opposing counsel, pursuant to Rule 37(a)(1) and Local Rule 37.1W, in an attempt to amicably bridge the parties' discovery differences. When the conference proved fruitless, defendant filed the instant motion to compel discovery on October 31, 2011. Specifically, defendant seeks an order compelling plaintiff to respond to requests for production nos. 4-7. *See* M/Compel. The disputed requests and EXCO's responses are recited, as follows,

**Request for Production No. 4:**

Please produce a copy of each and every document referenced in paragraph 8 of your complaint including the numerous affidavits of marriage, death and heirship.

**Response:**

EXCO objects to the production of these documents as they were prepared in connection with the preparation of a title opinion. Any such title opinion or report in connection therewith is a privileged communication between a client and its attorneys, and EXCO objects to this request on the basis of attorney-client privilege.

**Request for Production No. 5:**

Please produce any and all evidence of any kind or description that

you have which in any way suggest that Ned and Nannie Turner had more children than are named in the judgment of possession dated October 13, 1932.

**Response:**

EXCO objects to the production of these documents as they were prepared and obtained in connection with the preparation of a title opinion. Any such title opinion or report in connection therewith is a privileged communication between a client and its attorneys, and EXCO objects to this request on the basis of attorney-client privilege.

**Request for Production No. 6:**

Please produce a copy of any document asserting a claim on property from the succession of Ned and Nannie Turner based upon succession from an heir of Ned and Nannie Turner not listed in the judgment of possession referenced above.

**Response:**

EXCO objects to this request on the basis that the request made is vague and incomprehensible and it cannot respond.

**Request for Production No. 7:**

Please produce a copy of any mineral leases signed with any person who claims to be an heir of Ned and Nannie Turner through an ancestor who claims to be a child of Ned and Nannie Turner that was not listed in the judgment of possession referenced above.

**Response:**

EXCO objects to this request as unduly burdensome, as the leases are recorded in the public records and are easily attainable by defendants.

Pl. M/Compel, Memo., pgs. "11-12."

On November 23, 2011, EXCO filed its response to the motion to compel, wherein it agreed to provide Turner "with those potions [sic] of the original and supplemental title opinions covering the property at issue, and only those portions, which list the oil and gas leases which may be active on the property at issue. All other portions of these opinions and all other information will be redacted or excluded." (Opp. Memo., pg. 2). EXCO further agreed to provide Turner with the affidavits of death and heirship that EXCO mentioned in paragraph 8 of

the complaint. *Id*. However, EXCO requested an additional 60 days from the date of the memorandum to produce the documents. *Id*. EXCO declined to produce any other documents, maintaining in conclusory fashion that they are subject to attorney-client privilege or the work product doctrine. *Id*. at pgs. 2-3. Turner filed a reply memorandum on November 30, 2011. The matter is now before the court.

## Analysis

### I. Law

Under Rule 34, "a party may serve on any other party a request within the scope of Rule 26(b) . . . to produce . . . any designated documents . . . or any tangible things" that are within the "party's possession, custody, or control . . ." Fed.R.Civ.P. 34(a)(1). Under Rule 26(b),

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents. . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1).[2]

The courts understand the rule to provide for broad and liberal discovery. *See Schlagenhauf v. Holder*, 379 U.S. 104, 114-5 (1964); *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385 (1947). A party objecting to discovery "must state with specificity the objection and how it relates to the particular request being opposed, and not merely that it is 'overly broad and burdensome' or 'oppressive' or 'vexatious' or 'not reasonably calculated to lead to the discovery of admissible

---

[2] In addition,

> a party must, without awaiting a discovery request, provide to other parties . . . a copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment . . .

Fed.R.Civ.P. 26(a)(1)(A)(ii).

evidence.'" *Reyes v. Red Gold, Inc.* 2006 WL 2729412 (S.D. Tex. Sept. 25, 2006).

Rule 34's definition of "possession, custody, or control," includes more than actual possession or control of the materials; it also contemplates a party's "legal right or practical ability to obtain the materials from a nonparty to the action." *White v. State Farm Mut. Auto. Ins. Co.*, 2011 WL 3423388 (M.D. La. Aug. 4, 2011 (citations omitted). A party must "make a reasonable search of all sources reasonably likely to contain responsive documents." *Id.* A party also is "charged with knowledge of what its agents know or what is in records available to it." *Autery v. SmithKline Beecham Corp.*, 2010 WL 1489968 (W.D. La. Aug. 4, 2011) (citation omitted).

A party seeking discovery may move for an order compelling production against another party when the latter has failed to produce documents for inspection. *See* Fed.R.Civ.P. 37(a)(3)(B). An evasive or incomplete response is treated as a failure to respond. Fed.R.Civ.P. 37(a)(4).

## II. Discussion

As the court appreciates it, EXCO's latest position on the requested discovery is that it will produce: 1) some title opinions covering the property at issue, but redact non-responsive portions thereof; 2) affidavits of death and heirship referenced in paragraph 8 of its complaint, within the next 60 days; and 3) a responsive list of oil, gas, and mineral leases. EXCO maintains that all other documents are subject to privilege.

With regard to EXCO's argument that the requested discovery is protected by attorney-client privilege or the work product doctrine, the undersigned observes that, as the party invoking the privilege, EXCO is obliged to expressly make the claim and "describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without

revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection." Fed.R.Civ.P. 26(b)(5)(A). A party claiming privilege must establish preliminary facts to show that the matter is eligible for protection. *In Re Santa Fe Intern. Corp.*, 272 F.3d 705, 710 n7 (5th Cir. 2001) (citation omitted). A "blanket" assertion of privilege does not suffice. *In re Shell Oil Refinery*, 812 F. Supp. 658, 661 (E.D. La. 1993).

Here, there is no indication that EXCO produced a privilege log; thus, it has not established that the requested documents are eligible for protection. Accordingly, EXCO's objection is overruled, subject to its right to re-urge the objection in connection with a *properly* documented privilege log served within the document production deadline otherwise applicable below (i.e., within the next 30 days).[3]

Insofar, as EXCO contends that production of leases responsive to the requests would be unduly burdensome, the court observes that,

> [o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (I) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the

---

[3] At a minimum, a privilege log should include for each withheld document or entry: the date of the document or entry, the name of its author and recipient, the names of all people given or forwarded copies of the document or entry, the subject(s) of the document or entry, and the specific privilege asserted. *See Haensel v. Chrysler Corp.*, 1997 WL 537687 * 4 (E.D. La. 8/22/1997) (citing *Torres v. Kuzniasz*, 936 F. Supp. 1201(D. N.J.1996).

> amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed.R.Civ.P. 26(b)(2)(C).

EXCO has offered to provide Turner with a list of responsive leases, which Turner then would be able to use to obtain copies of the leases from the conveyance records. However, if EXCO already has copies of the leases *responsive to the document request* in its possession, it is not self-evident that it would be unduly burdensome or oppressive for EXCO to produce copies of those leases. EXCO's blanket assertion to the contrary does not suffice. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990) (party resisting discovery must show how each request is overly broad, burdensome, or oppressive) (citation omitted). Accordingly, the objection is overruled.[4]

Insofar as EXCO maintains that Request for Production No. 6 is vague and incomprehensible, the court understands the request simply as seeking any document obtained by EXCO from any alleged heir of Ned and Nannie Turner (who was not listed in the judgment of possession) that asserts a claim to property from the succession. Subject to this clarification, EXCO's objection to Request for Production No. 6 is overruled.

Finally, EXCO asserts that it needs 60 days from the date of its opposition memorandum to provide Turner with copies of affidavits of death and heirship. EXCO, however, has not demonstrated the need for such a lengthy delay, or why same could not be accomplished within a more reasonable 30 days.

---

[4] The court observes that some of the specificity requested by Turner may not be discoverable via requests for production alone. It, ultimately, may prove necessary for Turner to depose EXCO or its witnesses.

**Conclusion**

For the reasons set forth above, the motion to compel discovery responses [doc. # 78] filed by defendant, Lloyd Turner, is hereby **GRANTED**. Within 30 calendar days from the date of this order, EXCO shall supplement its responses to Turner's discovery requests in accordance with the opinion herein.

IT IS SO ORDERED.

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 2nd day of December 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE