## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | | |
|---|---|---|
| EXCO OPERATING COMPANY, LP | * | CIVIL ACTION NO.  10-1838 |
| VERSUS | * | JUDGE DONALD E. WALTER |
| EVELYN ARNOLD, ET AL. | * | MAG. JUDGE KAREN L. HAYES |

### MEMORANDUM ORDER

Before the undersigned magistrate judge, on reference from the District Court, are two motions filed by plaintiff, Exco Operating Company, LP:  1) to award attorney's fees and costs [doc. # 232], and 2) to file exhibits under seal [doc. # 233].   For reasons explained below, the former motion is deferred, and the latter is GRANTED.

### Background

On December 14, 2010, EXCO Operating Company, LP ("EXCO") filed the instant complaint for statutory interpleader pursuant to 28 U.S.C. § 1335.  (Compl.).  EXCO deposited an initial sum of close to $2 million into the court registry, and named almost 200 defendants or potential claimants to the stake.  *See* Compl.  EXCO prayed that each defendant be required to appear in this action and establish his or her right to the funds on deposit in the court, and that it be discharged from all liability associated with the fund.  (Compl., Prayer).

EXCO explained in its complaint that since November 2006, it has been the operator of an 18 well Unit located in the Vernon Field, Jackson Parish, Louisiana.  (Compl., ¶¶ 4-5).  As operator of the wells, EXCO "has been paying each owner's respective interest in said wells . . ." *Id*., at ¶ 6.  At some point, however, EXCO received complaints regarding payments from Lloyd Turner, an heir of Ned and Nannie Turner.  *Id*. at ¶¶ 6-7.  Moreover, EXCO learned from

numerous affidavits of marriage, death, and heirship, that Ned and Nannie Turner may have had more children than indicated in an October 18, 1932, Judgment of Possession that resolved their successions. *Id.* at ¶¶ 7-8. Consequently, EXCO began to doubt which individuals were entitled to the proceeds from the numerous wells located in Vernon Field and their respective interests. *Id.* at ¶ 9. Thus, EXCO provoked the instant proceeding.

On December 20, 2010, the undersigned permitted EXCO to deposit the disputed funds in the registry of the court, and further ordered that "[p]laintiff recover its costs of *bringing this action* out of such fund, including a reasonable attorney's fee for the services of its counsel . . ." (Dec. 20, 2010, Order [doc. # 10] (emphasis added)). The parties did not appeal this order to the District Court.

In July 2012, the District Court appointed George M. Wear, Jr., as Special Master in this matter. [doc. #s 150, 153]. On May 29, 2013, the Special Master issued his recommended disposition. (May 29, 2013, R&R [doc. # 197]). On September 6, 2013, the District Court entered judgment directing the Clerk of Court to return the funds in the court registry to EXCO, and ordering EXCO to disburse the funds in accordance with the appropriate column of the spreadsheet appended to the Special Master's Report and Recommendation. (Judgment [doc. # 216]).

Following entry of judgment, the parties filed motions for a new trial, together with a notice of appeal. On January 9, 2014, the District Court denied two of the motions for new trial, granted another, and ordered EXCO to submit an amended judgment. (Jan. 9, 2014, [doc. # 231]). On January 23, 2014, EXCO so complied, but the District Court has yet to endorse and enter the proposed judgment.

On January 23, 2014, EXCO also filed the instant motions to award attorney's fees and costs. [doc. # 232]. EXCO's motion seeks estimated attorney's fees of approximately

$194,634.62 and costs of $14,552.84, for work done in this case from the date the interpleader was filed until October 2013.  EXCO reserved its right to amend its petition to include additional fees and costs that it has incurred since October 2013.  EXCO also filed a motion to file its cost records and contemporaneous time sheets under seal for in camera review only.  [doc. # 233].

On February 3, 2104, defendants, Evelyn Arnold, et al., filed a memorandum in opposition to the motion for attorney's fees and costs.  In their memorandum, defendants oppose any award at all, but if the court were to award fees and costs, then the amount should be limited to the "fees and costs for the first stage of the proceeding, the drafting, filing and service of the interpleader complaint."  (Opp. Memo., pgs. 4-5 [doc. # 237]).  Defendants further protest that they were unable to review any of the costs and services claimed by EXCO because EXCO filed its supporting evidence/records under seal.  EXCO did not file a reply.

On May 12, 2014, the District Court referred the pending motion for fees and costs to the undersigned for report and recommendation.  (May 12, 2014, Order [doc. # 240]).

### Analysis

"A district court has the authority to award reasonable attorney's fees in interpleader actions. The award of attorney's fees is in the discretion of the district court, and fees are available when the interpleader is a disinterested stakeholder, and is not in substantial controversy with one of the claimants." *Rhoades v. Casey*, 196 F.3d 592, 603 (5th Cir. 1999) (citations omitted).  The court may consider the following factors to determine whether to award costs to an interpleader-plaintiff:  (1) whether the case is simple; (2) whether the interpleader-plaintiff performed any unique services for the claimants or the court; (3) whether the interpleader-plaintiff acted in good faith and with diligence; (4) whether the services rendered benefitted the interpleader-plaintiff; and (5) whether the claimants improperly protracted the proceedings. *Royal Indem. Co. v. Bates*, 307 F. App'x 801, 806 (5th Cir. 2009) (unpubl.) (citing

7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 1719 (3d ed.2001).

The fee award to the stakeholder is a matter of equity and justice. *Louisiana State Lottery Co. v. Clark*, 16 F. 20, 21 (Cir. Court E.D. La. 1883) (citing *Internal Imp. Fund Trustees v. Greenough*, 105 U.S. 527, 532 (1881)). In cases where funds have been placed in the court's registry, it is standard practice to make fair and just allowance for expenses and counsel fees to the party that provoked the litigation. *Id*. Such an award, however, contemplates only costs and fees that are chargeable between parties – not the fees and expenses that an attorney charges his or her client. *Id*. Furthermore, the fees and costs awarded must be made "with moderation and a jealous regard to the rights of those who are interested in the fund . . ." *Id*.

Applying the foregoing considerations to the circumstances at hand, the court observes that the issues in this case were relatively straight forward – once framed, but the matter was compounded by the large number of claimants. Moreover, the interpleader-plaintiff performed some work to preserve the funds for the claimants, and continues to assist the court with the distribution of funds. The court further finds that the interpleader-plaintiff acted in good faith and with diligence, but that it is likely that the same or similar result could have been obtained via a complaint for declaratory judgment. In addition, EXCO has not remained completely disinterested in the matter. It answered a counterclaim filed by Lloyd Turner, and filed responses to his myriad motions. Moreover, EXCO retains an ongoing interest with respect to the proper distribution of future royalties. The services rendered by EXCO enured to its benefit by resolving any latent dispute to the distribution of the funds. Finally, it does not appear that any claimants improperly protracted the proceedings. While Lloyd Turner may have filed a premature dispositive motion, the motion did not materially protract or delay these proceedings.

Accordingly, the court will reaffirm its prior order awarding reasonable fees to EXCO.

However, the undersigned intends to award solely those fees and costs that EXCO incurred for drafting, filing, and serving the interpleader complaint, i.e. actions typically performed during the first stage of an interpleader action. *Rhoades, supra* (in the first stage, the district court decides whether there is a single fund at issue and whether there are adverse claimants to that fund). The court does *not* intend to award fees and/or costs expended by EXCO during the second stage of the interpleader action, including as a result of its efforts to comply with and/or clarify the District Court's order(s) and the Special Master's directions regarding distribution of the funds. These are activities that EXCO performs in its ordinary course of business. *See Travelers Indem. Co. v. Israel*, 354 F.2d 488, 490 (2d Cir. 1965) (stakeholder may not transfer its ordinary cost of doing business by bringing an action in interpleader). This *equitable* approach ensures that EXCO is reimbursed for its costs of bringing the instant interpleader action and for notifying the considerable number of claimants, but not reimbursed for fees and costs *related to* activities that it would perform ordinarily, and from which EXCO continues to derive benefit.

Toward that end,

IT IS ORDERED that, within the next 14 days from the date of this order, EXCO shall supplement its motion for fees and costs with a memorandum and contemporaneous time sheets and billing/cost records that conform to the fees and costs that the court intends to allow, as detailed herein. EXCO may file the revised attorney time sheets/billing records under seal, but, in any event, shall serve a copy of the revised sheets/records on counsel for defendants, Evelyn Spillers, et al. – the only parties who opposed the instant motion.[1]

---

[1] The vast majority of fee statements are not attorney-client privileged or work product protected. *XL Specialty Ins. Co. v. Bollinger Shipyards, Inc.*, Civ. Action No. 12-2071, 2014 WL 295053 (E.D. La. Jan. 27, 2014); *Olaoye v. Wells Fargo Bank NA*, Civ. Action No. 12-4873, 2013 WL 6912691 (N.D. Tex. Dec. 30, 2013). In any event, EXCO waived any privilege by seeking reimbursement of fees. *XL Specialty Insurance Co., supra*.

IT IS FURTHER ORDERED that, within 14 days after EXCO supplements its motion, defendants, Evelyn Arnold, et al., shall file any response thereto.  EXCO may seek leave to file a reply within 7 days thereafter.

IT IS FURTHER ORDERED that EXCO's motion to  file exhibits under seal [doc. # 233] is hereby GRANTED.

In Chambers, at Monroe, Louisiana, this 20th day of May 2014.


KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE