UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **EXCO OPERATING COMPANY, LP** | * | **CIVIL ACTION NO. 10-1838** |
| **VERSUS** | * | **JUDGE DONALD E. WALTER** |
| **EVELYN ARNOLD, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court, is a motion to award attorney's fees and costs [doc. # 232] filed by EXCO Operating Company, LP ("EXCO"). The motion is opposed by defendants, Evelyn Arnold, et al. For reasons explained below, it is recommended that motion be GRANTED IN PART.

### Background

On May 20, 2014, the undersigned issued a preliminary order that recounted the pertinent history of this matter, together with the applicable law. *See* May 20, 2014, Order [doc. # 242]. The order explained that the court intended to award EXCO solely those fees and costs that it incurred for drafting, filing, and serving the interpleader complaint (i.e. actions typically performed during the first stage of an interpleader action), but that it did *not intend* to award fees and/or costs expended by EXCO during the second stage of the interpleader action, including as a result of EXCO's efforts to comply with and/or clarify the District Court's order(s) and the Special Master's directions regarding distribution of the funds. *Id*. Accordingly, the undersigned ordered EXCO to supplement its motion for fees and costs with a memorandum and contemporaneous time sheets and billing/cost records that conformed to the fees and costs that the court intended to allow. *Id*.

On June 3, 2014, EXCO filed a supplemental memorandum with two exhibits (A & B) of time and expense reports. (Suppl. Memo. [doc. # 245]). Exhibit A reflects EXCO's time and expense reports for the fees and costs that it incurred to draft, file, and serve the instant interpleader action; it totals $1,794.72. (Suppl. Memo., Exh. A). Exhibit B comprises the time and expense reports from Exhibit A, plus the time and expense reports for the costs and fees incurred by EXCO to compile an interest and distribution spreadsheet, in conformance with the Special Master's findings; it totals $48,990.76. (Suppl. Memo., Exh. B). In its supplemental memorandum, EXCO re-urged the court to award fees and costs as set forth in Exhibit B. *Id*.

On June 11, 2014, Evelyn Arnold, et al. (collectively, "Arnold") filed her response to EXCO's supplemental memorandum in which she conceded that, insofar as EXCO was entitled to any fees and costs at all, the $1,794.72 claimed by EXCO in Exhibit A was reasonable. (Arnold Suppl. Memo. [doc. # 247]). She maintained, however, that the court should not award the sum claimed by EXCO in Exhibit B. *Id*. EXCO filed a reply memorandum on June 19, 2014. [doc. # 251]. Thus, the matter is ripe.

## **Discussion**

The undersigned incorporates herein the May 20, 2014, Order [doc. # 242]. However, upon consideration of the parties' supplemental memoranda, the undersigned is persuaded that, as a matter of equity and justice, EXCO should receive some recompense for its assistance to the Special Master in the preparation of an interest and distribution spreadsheet.[1] Ordinarily, a

---

[1] An interlocutory order is subject to revision at any time before final judgment. *See, Golman v. Tesoro Drilling Corp.*, 700 F.2d 249, 253 (5th Cir. 1983) (citation omitted). Moreover, a trial court may reconsider or reverse an interlocutory order "for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990) (citations omitted), abrogated on other grounds by *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n14 (5th Cir.1994) (en banc).

disinterested stakeholder will deposit the disputed funds in the registry of the court, serve the various claimants, and then wash its hands of the matter. Here, however, the Special Master enlisted EXCO's support to implement his proposed findings. While EXCO clearly possessed most of this information beforehand and was peculiarly equipped to generate a distribution spreadsheet in its ordinary course of business, it nonetheless agreed to undertake this additional responsibility that otherwise would have rested with the Special Master and the court. Thus, because EXCO's yeoman work benefitted all parties and the court, it should receive some recompense for its efforts.

Having said that, however, equity does not support an award for the entire $48,990.76 claimed by EXCO. At most, the undersigned finds that, in addition to the sums expended by EXCO in connection with the first stage of the interpleader action, EXCO also should recover those fees and expenses that it incurred to assist the Special Master with the preparation of his initial spreadsheet. Upon review of EXCO's billing records, the earliest mention of "chart"[2] or "spreadsheet" occurred on February 28, 2013, and is described as "Begin title Opinion decimal comparison chart" and "Receive/Review Spreadsheets." *See* Suppl. Memo., Exh. B. Furthermore, the final entry before the Special Master issued his report and recommendation is dated May 21, 2013. *Id*. The sum of the fees claimed for this period inclusive of those dates/entries totals $8,788.21, plus $9.00 in color copying costs. *Id*. When added to the fees and expenses from Exhibit A, the undersigned finds that EXCO should recover reasonable fees and costs totaling $10,591.93.[3]

---

[2] Apart from the "service chart."

[3] The undersigned will not compensate EXCO for work that it performed prior to February 28, 2013 – the earliest date that its billing records confirm that EXCO began working in earnest to prepare the chart/spreadsheet for the Special Master. In addition, the undersigned will

Ordinarily, the starting point for settling upon a reasonable fee is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933 (1983). The product of this calculation is commonly referred to as the "lodestar" amount. *Farrar v. Hobby*, 506 U.S. 103, 118, 113 S.Ct. 566, 577 (1992). Although "more than a mere 'rough guess' or initial approximation of the final award to [be] made,"[4] the lodestar amount is not per se dispositive. *See Hensley, supra*. After computing the lodestar amount, the court must determine whether it should be adjusted in light of the twelve factors set forth in *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717-19 (5th Cir. 1974).[5] However, many of the *Johnson* considerations are subsumed within the initial calculation of the lodestar amount. *Hensley*, 461 U.S. at 434, 103 S.Ct. at 1939.

In deriving the fees in this case, the undersigned has significantly curtailed the number of hours claimed by limiting the recoverable fees to a distinct window. EXCO's claimed hourly rates range from $75.00 (apparently for paralegal work) to $275 for partner-level work. Respondents have not contested the reasonableness of these rates. Regardless, however, the court has ensured the overall reasonableness of the fees by circumscribing the number of hours

---

not award fees to EXCO for work that it expended to correct or amend the spreadsheet in the wake of the Special Master's report and recommendation – some of which were to correct EXCO's own typographical errors. Rather, the number of hours allowed by the court strikes an equitable balance between the various interests to the fund.

[4] *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (citation omitted).

[5] The 12 *Johnson* factors include (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to properly perform the legal services; (4) the preclusion of other employment by the attorney due to acceptance of this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id*.

claimed. Moreover, the parties do not urge applicability of any other *Johnson* factor not otherwise subsumed within the court's initial lodestar determination.

Accordingly, the undersigned finds that a total fee and cost award of $10,591.93 represents a just, equitable, and reasonable sum for the work performed by EXCO for the first stage of the interpleader action, plus the spreadsheet preparation work performed by EXCO on behalf of the court and all of the parties.

## Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that the motion to award attorney's fees and costs [doc. # 232] filed by EXCO Operating Company, LP  be GRANTED IN PART, and that EXCO Operating Company, LP be awarded fees and costs totaling $10,591.93, to be paid by the Clerk of Court out of the funds deposited in the registry of the court.

IT IS FURTHER RECOMMENDED that the motion [doc. # 232] otherwise be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR,**

**FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 3rd day of July, 2014.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE